UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                                    CRIMINAL ACTION

VERSUS                                                              NO: 18-112

WILLIAM B. HUNGERFORD, JR.                                      SECTION: T
TIMOTHY O. MILBRATH

# ORDER

Before the Court is the Government's Motion for Subject Matter Waiver of the Attorney-Client Privilege.[1] William B. Hungerford, Jr., and Timothy O. Milbrath ("Defendants") have filed an opposition.[2] The Government's motion seeks an order finding that Defendants have waived any attorney-client privilege applicable to the subject matter of immigration regulations, filings with the United States Citizenship and Immigrations Services, the Fund's governing documents, the Fund Advisory Board, and the disposition of properties purchased with investor funds.[3] Having considered the motion and memorandum, the record, and the applicable law, the Motion for Subject Matter Waiver of the Attorney-Client Privilege is **DENIED** for the reasons set forth below.

## PARTIES' ARGUMENTS

The Government contends that Defendants have waived the attorney-client privilege by (1) producing privileged documents to the Government in response to a 2017 subpoena and declining an offer to claw back the documents;[4] (2) implying an intent to use reliance on counsel as a defense

---

[1] R. Doc. 144.
[2] R. Doc. 148.
[3] R. Doc. 144-11, Proposed Order.
[4] R. Doc. 144-1, pp.2-4.

1

by requesting a "good faith" jury instruction;[5] and (3) listing privileged documents as trial exhibits.[6] Defendants respond that any production of attorney-client privileged documents was unintentional and, therefore, cannot be considered a subject-matter waiver of the privilege under Federal Rule of Evidence 502.[7] Defendants further reassure the Court that their request for a "good faith" instruction is not an attempt to use the defense that Defendants relied on advice of counsel.[8]

## LAW AND ANALYSIS

### A. Subject Matter Waiver Regarding Documents Produced

Disclosure of attorney-client communications to a third party generally waives the attorney-client privilege,[9] unless the disclosure was inadvertent and the privilege holder took reasonable steps to prevent disclosure and rectify the error.[10] In determining whether an inadvertent disclosure waives the attorney-client privilege, the court should consider: (1) the reasonableness of precautions taken to prevent disclosure; (2) the amount of time taken to remedy the error; (3) the scope of the discovery; (4) the extent of the disclosure; and (5) the overriding issue of fairness.[11] When the attorney-client privilege has been waived through disclosure, the waiver extends to undisclosed information only if the waiver was intentional, the disclosed and undisclosed information concern the same subject matter, and they should be considered together in fairness.[12]

---

[5] R. Doc. 144-1, p.4.
[6] R. Doc. 144-1, pp.4-5.
[7] R. Doc. 148, pp.6-9.
[8] R. Doc. 148, pp.9-12.
[9] *In re Auclair*, 961 F.2d 65, 69 (5th Cir.1992).
[10] Fed. R. Evid. 502(b).
[11] *Alldread v. City of Grenada*, 988 F.2d 1425, 1433 (5th Cir.1993).
[12] Fed. R. Evid. 502(a).

In this case, the Government has asserted a potentially meritorious claim that Defendants waived the attorney-client privilege with respect to privileged documents produced in response to the 2017 subpoena and the privileged documents produced as trial exhibits. However, based on the information available at this time, the Court cannot accurately evaluate whether the documents at issue were subject to the attorney-client privilege, whether the documents were intentionally produced, or the subject matter of the documents. Therefore, at this juncture, the Court declines to make a blanket finding that Defendants waived the attorney-client privilege with respect to the subject matter contained in the documents produced in response to the 2017 subpoena or as trial exhibits. The Court will address these issues as they are developed at trial. The parties are not precluded from raising appropriate objections to the evidence presented at trial pursuant to the Federal Rules of Evidence.

**B. Subject Matter Waiver Based on "Good Faith" Jury Instruction**

The privilege holder waives the attorney-client privilege by asserting reliance on counsel's advice as a defense.[13] The attorney-client privilege is not waived, however, if the "good faith" defense is not based on advice of counsel, but rather, on a lack of knowledge of the wrongdoing and absence of intent to participate in it.[14] In this case, Defendants represent to the Court that they do not seek to use the advice of counsel as a defense.[15] The "good faith" instruction Defendants requested makes no mention of reliance on counsel.[16] The Court declines to find that Defendants

---

[13] *United States v. Miller*, 600 F.2d 498, 501–02 (5th Cir. 1979) (defendant waived privilege by asserting reliance on advice of counsel); *See also Conkling v. Turner*, 883 F.2d 431, 434–35 (5th Cir. 1989) (plaintiff waived privilege by asserting reliance on counsel's advice to toll the statute of limitations).

[14] *United States v. Newell*, 315 F.3d 510, 525 (5th Cir. 2002) (no waiver where "the record makes clear that [the client's] good faith defense was not based on advice of counsel, but rather on a simple lack of knowledge of the wrongdoing and absence of intent to participate in it").

[15] R. Docs. 70 and 148.

[16] R. Doc. 125, p.17.

have waived the attorney-client privilege by requesting a "good faith" jury instruction based on the present showing. However, should the Defendants not meticulously honor their representations, the Court will find that the attorney-client privilege has been waived.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Government's Motion for Subject Matter Waiver of the Attorney-Client Privilege[17] is **DENIED**.

**New Orleans, Louisiana**, on this 19th day of August, 2019.

_____
**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[17] R. Doc. 144.